UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL A. MADDOX,** | |
| Plaintiff, | |
| v. | Case No. 10-cv-01137 (BAH) |
| **DISTRICT OF COLUMBIA,** *et al.*, | **JURY TRIAL DEMANDED** |
| Defendants. | |

### ANSWER OF DEFENDANTS DISTRICT OF COLUMBIA, SAMUEL MODLIN AND MICHAEL FANONE

Defendants, the District of Columbia, Samuel Modlin, and Michael Fanone, by and through their counsel, the Office of the Attorney General for the District of Columbia, in response to the Complaint respectfully state as follows:

#### First Defense

The Complaint fails to state a claim upon which relief can be granted.

#### Second Defense

Answering the allegations contained in the Complaint paragraph by paragraph, Defendants admit, deny or otherwise answer as follows:

1. Defendants admit that Plaintiff has filed this Complaint and deny any liability for each and every violation alleged.

2. Defendants deny the allegations of the first sentence of Paragraph 2. The remainder of Paragraph 2 sets forth the pleader's conclusions of law to which no response is required; to the extent that a response is required, these allegations are denied.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 3.

4. Defendants admit the allegation within the first sentence of Paragraph 4, that the District of Columbia lies within the geographic jurisdiction of this Court, *i.e.,* within the District of Columbia, the remainder of Paragraph 4, including assertions regarding personal and subject matter jurisdiction and venue, sets forth the pleader's legal conclusion and accordingly requires no response; to the extent a response is required, these allegations are denied.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit that at all times pertinent times Officers Modlin and Fanone were working within the course and scope of their employment; the remainder of Paragraph 6 sets forth the pleader's legal conclusions and accordingly requires no response. To the extent that a response is required these allegations are denied. Defendants further aver that this Court has dismissed Plaintiff's clams against Officer Modlin and Fanone in their official capacities.

7. Paragraph 7 states the pleader's legal conclusions which do not require a response; to the extent a response is required, the allegations are denied.

8. Defendants deny the allegations contained in the first sentence of Paragraph 8; the remainder of Paragraph 8 states the pleader's legal conclusions which do not require a response. To the extent a response is required, the allegations are denied.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29 except admit that a recording purportedly made by Plaintiff using his cell phone reflects the inquiry, "Is there something I can help you with, sir?"

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants admit the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in the first sentence of Paragraph 33. The second sentence of Paragraph 33 sets forth the pleader's conclusions of law to which no response is required; to the extent that a response is required, these allegations are denied.

34. Defendants deny the allegations contained in Paragraph 34, except admit that Plaintiff video recorded Officer Fanone approach him and Officer Modlin moving toward the patrol car's driver-side door.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36 except admit that a recording purportedly made by Plaintiff using his cell phone reflects the statement, "No. There's nothing you can help me with."

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in the first sentence of Paragraph 38. The second sentence of Paragraph 38 sets forth the pleader's conclusions of law to which no response is required; to the extent that a response is required, these allegations are denied.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40 except admit that Plaintiff recorded the statement, "Put the camera away."

41. Defendants deny the allegations contained in Paragraph 41, except admit that Plaintiff recorded the query, "Why do I have to put the camera away?"

42. Defendants deny the allegations contained in Paragraph 42 except admit that Plaintiff's recording does not reflect an answer to the query, "Why do I have to put the camera away?", and a voice repeating the question, "Why do I have to put the camera away?"

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45 except admit that Plaintiff's recording reflects the query, "Why did you just come over and frisk me?"

46. Defendants deny the allegations contained in Paragraph 46 except admit that the recording reflects the words, "citizen's contact."

47. Defendants deny the allegations contained in Paragraph 47 except admit that the recording reflects the remarks, "Citizen's contact.  That's what that was called?  That's what that was called?  That's what just happened to me?"

48. Defendants deny the allegations contained in Paragraph 48 except admit that while adjacent to the passenger-side door of the patrol car, Fanone asked Plaintiff to step onto the sidewalk.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51 except admit that the recording reflects the statement, "Oh yeah. On yeah. That was an unreasonable search and seizure in violation of my constitutional rights as a citizen of the United States of America."

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 53 except admit that on or about October 19, 2009, Plaintiff filed a complaint with the Office of Police Complaints.

54. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 56 and deny that there was any violation of Plaintiff's Constitutional rights.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of Paragraph 57.

58. Paragraph 58 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

59. Defendants deny the allegations contained in Paragraph 59.

60. Paragraph 60 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

61. Defendants deny the allegations contained in Paragraph 61.

62. Paragraph 62 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

63. Paragraph 63 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

64. Paragraph 64 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

## **COUNT I – VIOLATION OF CONSTITUTIONAL RIGHTS UNDER § 1983**

65. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 64.

66. Defendants deny the allegations contained in Paragraph 66.

67. Paragraph 67 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

68. Paragraph 68 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

69. Paragraph 69 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

70. Paragraph 70 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

71. Paragraph 71 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

72. Paragraph 72 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

73. Paragraph 73 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

74. Defendants deny the allegations contained in Paragraph 74.

75. Paragraph 75 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

76. Paragraph 76 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

77. Paragraph 77 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

78. Paragraph 78 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Paragraph 81 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

82. Paragraph 82 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

83. Paragraph 83 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

## **COUNT TWO – CONSPIRACY TO VIOLATE CIVIL RIGHTS**

84. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 83.  Defendants further aver that this Court has dismissed Count Two.

85. Paragraph 85 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

### COUNT THREE – ASSAULT AND BATTERY

86. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 85.

87. Defendants deny the allegations contained in Paragraph 87.

88. Paragraph 88 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants deny the allegations contained in Paragraph 90.

### COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 90.

92. Paragraph 92 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

93. Defendants deny the allegations contained in Paragraph 93.

### COUNT FIVE – NEGLIGENCE I

94. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 93.  Defendants further aver that this Court has dismissed Count Five.

95. Paragraph 95 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

96. Paragraph 96 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

97. Paragraph 97 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

98. Paragraph 98 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

99. Paragraph 99 states the pleader's legal conclusions to which no response is required, and are therefore denied; to the extent a response is required, the allegations are denied.

100. Paragraph 100 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

101. Paragraph 101 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

102. Paragraph 102 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

## **COUNT SIX – NEGLIGENCE II**

103. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 102.

104. Paragraph 104 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

105. Paragraph 105 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

106. Paragraph 107 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

107. Paragraph 107 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

## COUNT SEVEN – FALSE IMPRISONMENT

108. Defendants incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 107.

109. Paragraph 109 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

110. Paragraph 110 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

111. Paragraph 111 states the pleader's legal conclusions and accordingly, requires no response; to the extent a response is required, the allegations are denied.

112. Defendants deny all claims for relief.

113. In further response to the Complaint Defendants deny all allegations and averments not otherwise answered.

## THIRD DEFENSE

114. Defendants Modlin and Fanone enjoy qualified immunity from liability on Plaintiff's claims of constitutional violations.

115. Defendant Modlin and Fanone came upon Plaintiff in a location they knew to be an area in which illegal drug sales, illegal drug use, and prostitution were common.  Plaintiff was situated between a refuse dumpster and an adjacent fence and was partially concealed from view.  Defendant Officers asked Plaintiff to come out from behind the dumpster into plain view.  Plaintiff voluntarily complied with their request, but upon emerging from behind the dumpster, he was agitated, defensive, and irate.

116. Defendants Modlin and Fanone did not touch Plaintiff, threaten him, or impede him from leaving the vicinity or direct him to do so.

117. The actions of Defendants Modlin and Fanone were objectively reasonable.

## **FOURTH DEFENSE**

118. Defendants Modlin and Fanone are entitled to common law good faith immunity from liability on Plaintiff's common law intentional tort claims.

119. Defendants Modlin and Fanone came upon Plaintiff in a location they knew to be an area in which illegal drug sales, illegal drug use, prostitution and other criminal conduct were common.  Plaintiff was situated between a refuse dumpster and an adjacent fence and was partially concealed from view.  Defendant Officers asked Plaintiff to come out from behind the dumpster into plain view.  Plaintiff voluntarily complied with their request, but upon emerging from behind the dumpster, he was agitated, defensive, and irate.

120. Defendants Modlin and Fanone did not touch Plaintiff, threaten him, or impede him from leaving the vicinity or direct him to do so.

121. Defendants Modlin and Fanone actually and reasonably believed their actions toward Plaintiff to be lawful and privileged.

## **FIFTH DEFENSE**

122. At all pertinent times Defendants acted in accordance with all applicable laws, regulations and constitutional provisions.

123. Defendants Modlin and Fanone came upon Plaintiff in a location they knew to be an area in which illegal drug sales, illegal drug use, prostitution and other criminal conduct

were common.  Plaintiff was situated between a refuse dumpster and an adjacent fence and was partially concealed from view.  Defendant Officers asked Plaintiff to come out from behind the dumpster into plain view.  Plaintiff voluntarily complied with their request, but upon emerging from behind the dumpster, he was agitated, defensive, and irate.

124. Defendants Modlin and Fanone did not touch Plaintiff, threaten him, or impede him from leaving the vicinity or direct him to do so.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury of the maximum number permissible of all issues so triable.

        Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        ELLEN A. EFROS
        Deputy Attorney General
        Public Interest Division
        441 Fourth Street, NW, Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9886

         s/: Grace Graham_____
        GRACE GRAHAM [472878]
        Chief, Equity Section
        Public Interest Division
        441 Fourth Street, NW, Sixth Floor South
        Washington, D.C. 20001
        (202) 442-9886

         s/: Thomas L. Koger_____
        THOMAS L. KOGER [427921]
        Assistant Attorney General
        Equity Section
        Public Interest Division
        441 Fourth Street, NW, Sixth Floor South

Washington, D.C. 20001
Tel: (202) 727-4170
Fax: (202) 715-7762
Thomas.Koger@dc.gov

*Counsel for Defendants District of Columbia,
Samuel Modlin, and Michael Fanone*